# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN HENRY NEWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-00271-NAB |
| | ) | |
| ST. LOUIS COUNTY 21st CIRCUIT CLAYTON, MO, et al., | ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff John Henry Newman for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The

court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who is currently being held at the Fulton State Hospital in Fulton, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. In the complaint, he names the following defendants: "St. Louis County 21st Circuit Clayton, MO" court system; "Public, State and Defense Trial Division Attorneys"; and "Judicial Offices/Corrections."

Plaintiff's "Statement of Claim" consists of a somewhat confusing series of conclusory statements, without any facts or context. It is best understood if quoted in full:

> Allowed complainant on April 12th[,] 2016 [through] April 13th, 2016 and beyond, to impede and submit responsibility of the state property, an invalid warrant and no probable cause for [a] detainment, regarding April 4th, 2016. Not a [preliminary] hearing before or after a charge, insufficient said [counsel], breach of an agreement, invalid accusation during processes, procedures lack thereof. Fraud documents, [f]alsified imprisonment jailed, denied [opportunity] to respond to a complaint, excessive bail, racial discrimination, blatant neglect; double jeopardizing the accused case filing dates, [similar] charge same cause number one warrant identification number, two documents April 2nd, 2016 and May 11th[,] 2016. Conflicts of interest, misuse of client funds, deceived lied of [acquiring] supportive defensive evidence; associated to opposing parties. Prejudicialness, coerced manner in handling unprovoked and incapacitated via life expectancy slowed using metal braces; cuffs; and a weapon causing burns, suffered a hernia [that] resulted in surgery[.]

(Docket No. 1 at 5). Plaintiff further alleges that there was "illegal process" during a court-ordered mental examination. (Docket No. 1 at 7). As a result, he wants charges filed against St. Louis County transporters and correctional officers. Plaintiff also accuses St. Louis County courts and corrections of ethical misconduct and false adverting, and states that he needs security, because his social security number was exposed. Finally, plaintiff wants all the attorneys who worked on his case to be disbarred.

In a supplement to the complaint, plaintiff states that he has received involuntary and forced medication "as a result of refusing treatment." (Docket No. 5 at 1). He further alleges that he is being unlawfully detained. In a second supplement, plaintiff asserts that the Nixon Forensic Center of the Missouri Department of Health is not complying with state court orders, and should also be a defendant in this action. (Docket No. 6 at 1).

3

With regard to relief, plaintiff seeks the following: to be excluded from mental health group programs as a condition for release; assurance that he will promptly collect the wages he has earned; freedom from involuntary and forced medications; reimbursement of living expenses; cleared background history; and to not be charged for room and board. (Docket No. 1 at 6). Elsewhere in the complaint, he states that he wants to be immediately released from custody. (Docket No. 1 at 7). Furthermore, plaintiff indicates that he is seeking monetary damages. (Docket No. 1 at 6). Specifically, in his first supplement, plaintiff requests $4 million. (Docket No. 5 at 1).

## Discussion

Plaintiff is self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983. He names the "St. Louis County 21st Circuit Clayton, MO" court system, "Public, State and Defense Trial Division Attorneys", and "Judicial Offices/Corrections" as defendants.

As noted above, to survive initial review, plaintiff must demonstrate a plausible claim for relief. *See Ashcroft*, 556 U.S. at 679. That is, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019). Here, plaintiff has not done this. Indeed, the various defendants are only fleetingly mentioned, with no indication as to what they have done or failed to do to harm plaintiff. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that "[t]he essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved"). Rather than providing factual allegations, plaintiff presents only a litany of unsupported legal conclusions. This is not sufficient to state a claim. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a

4

cause of action, or naked assertions devoid of factual enhancement will not suffice"); and *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). Therefore, plaintiff's complaint must be dismissed.

Even if plaintiff had provided more facts, he is unlikely to prevail against the defendants he has named. To begin, he has named the St. Louis County Circuit Court as a defendant. However, a state court is not vulnerable to suit pursuant to 42 U.S.C. § 1983 because it is protected by Eleventh Amendment immunity. *Mildfelt v. Circuit Court of Jackson Cty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987). *See also Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (stating that "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment").

Furthermore, any claims plaintiff has against judges or prosecutors would likely fail due to immunity. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921 (8th Cir. 2020) (stating that because a judicial officer, exercising the authority in which he or she is vested, should be free to act upon their own convictions, judicial immunity provides a judge with immunity from suit); and *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) ("Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process").

Lastly, any attempt to sue plaintiff's public defender or defenders would fail, as they are not subject to suit under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that "a public defender does not act under color of state law when performing a lawyer's traditional

functions as counsel to a defendant in a criminal proceeding"); and *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983").

To the extent that plaintiff is seeking release from custody, such a request is not properly before the court on a 42 U.S.C. § 1983 action. Rather, plaintiff's remedy is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); *Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release); and *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993) (stating that when "a prisoner directly attacks the validity of his sentence, the proper vehicle is a habeas corpus action"). Indeed, in the complaint, plaintiff actually requests that a § 2254 form be sent to him. The Court will therefore direct the Clerk of Court to send to plaintiff a copy of the Court's 28 U.S.C. § 2254 petition for writ of habeas corpus form.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's 28 U.S.C. § 2254 petition for writ of habeas corpus form.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 16th day of June, 2020.

        \s\  Jean C. Hamilton
        JEAN C. HAMILTON
        UNITED STATES DISTRICT JUDGE